IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY J. COOPER                                                      PLAINTIFF

vs.                               Civil No. 2:12-cv-02002

MICHAEL J. ASTRUE                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

       Kimberly J. Cooper ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**        **Background:**

       Plaintiff protectively filed her DIB application on December 7, 2009. (Tr. 8, 124-125). Plaintiff alleges being disabled due to the following:

> HIV positive, Knee, Pain, Depression Claimant is HIV positive. Claimant has had multiple knee surgeries. Claimant has pain all the time. Claimant suffers from depression. Hiv positive knees pain depression

(Tr. 153). Plaintiff claims her impairments cause her the following limitations: "Claimant can't be

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

on her feet for long periods of time because of the knee pain. Claimant is HIV positive Claimant's depression keeps her from being around the public." *Id.* Plaintiff alleges an onset date of April 1, 2008. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 48-49).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 56-57, 67-72). Plaintiff's administrative hearing was held on November 30, 2010 in Fort Smith, Arkansas. (Tr. 25-47). Plaintiff was present and was represented by Fred Caddell. *Id.* Only Plaintiff testified at the administrative hearing in this matter. *Id.*

On January 18, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8-16). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on June 30, 2008. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of April 1, 2008 through her date last insured of June 30, 2008. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: Human Immunodeficiency Virus ("HIV") infection, residuals of a fractured tibia or knee, and anemia. (Tr. 10-11, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

The ALJ determined Plaintiff was twenty-four (24) years old on her date last insured. (Tr. 15, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 15, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaint and determined her RFC.

2

(Tr. 11-15, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).  Specifically, the claimant can lift 10 pounds occasionally and 5 pounds frequently; sit for 6 hours in an 8-hour workday; and stand/walk for up to 2 hours in an 8-hour workday.  The claimant has no postural, manipulative, visual, communicative, or environmental limitations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW.  (Tr. 15, Finding 6).  The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 15-16, Finding 10).  The ALJ relied upon the Medical-Vocational Guidelines ("Grids") to make this determination.  *Id.*  Specifically, based upon Section 204.00 of the Grids, the ALJ determined Plaintiff could perform other work and was not under a disability as defined by the Act at any time from April 1, 2008 (Plaintiff's alleged onset date) through June 30, 2008 (Plaintiff's date last insured).  (Tr. 16, Finding 11).

Thereafter, on January 27, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 20-22).  On December 7, 2011, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On January 5, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 13, 2012.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in assessing her RFC; (B) the ALJ erred in assessing her credibility; (C) the ALJ erred by failing to fully and fairly develop the record; and (D) the ALJ erred in finding her depression was non-severe. ECF No. 11 at 1-19. In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, the ALJ properly assessed Plaintiff's credibility, the ALJ satisfied his duty to fully and fairly develop the record, and the ALJ correctly determined Plaintiff's depression was non-severe. ECF No. 12. The Court will address each of the arguments Plaintiff has raised.

 **A.    RFC Determination**

Plaintiff argues the ALJ improperly evaluated her RFC by failing to properly consider the opinions of her treating physician, Dr. Hazel K. Liverett, M.D. at UAMS. ECF No. 11 at 10-11. Specifically, Plaintiff claims the ALJ ignored Dr. Liverett's diagnosis of "chronic diarrhea" that

5

would impact her in her ability to work. *Id.* Plaintiff also claims the ALJ did not properly consider her severe depression and the impact it has on her ability to work. *Id.* In response, Defendant argues the ALJ's RFC determination is supported by substantial evidence in the record, and the ALJ correctly analyzed Dr. Liverett's opinions regarding her diarrhea and correctly evaluated Plaintiff's alleged limitations due to depression. ECF No. 12 at 4-7.

Upon review, the Court finds the ALJ properly considered Plaintiff's diarrhea and depression when assessing her RFC. First, Plaintiff is correct that in an HIV-AIDS Questionnaire, Dr. Liverett opined she suffered from "chronic diarrhea with two or more loose stools daily lasting for 1 month or longer." (Tr. 483). However, Dr. Liverett also stated in this report that Plaintiff's diarrhea did not last for more than one month and was not "resistant to treatment" and did not require "intravenous hydration, intravenous alimentation, or tube feeding." *Id.* Further, while Plaintiff claimed at the administrative hearing in this matter that she suffered from diarrhea seven to eight times per day (Tr. 40), in medical records dated just two weeks before this hearing, Plaintiff only complained of "almost daily" diarrhea and not constant diarrhea. (Tr. 498). Thus, the medical evidence of record does not support any additional limitations resulting from Plaintiff's diarrhea, and substantial evidence supports the ALJ's RFC finding in this regard.

Second, Plaintiff alleges that the ALJ's RFC determination does not consider her alleged depression. ECF No. 11 at 11. In support of her allegation, Plaintiff merely relies on her testimony as evidence of depression. *Id.* There is no medical evidence reflecting any professional mental health treatment or a diagnosis of depression. (Tr. 197-729). Furthermore, the ALJ considered that on August 3, 2010, Plaintiff specifically denied having any depression during an appointment with Dr. Liverett. (Tr. 575). *See Harvey v. Barnhart,* 368 F.3d 1013, 1015 (8th Cir. 2004) (recognizing

6

Plaintiff's medical records contained no objective basis for finding the claimant had memory problems).  Thus, the lack of objective medical evidence to support Plaintiff's subjective complaints supports the ALJ's finding that Plaintiff's depression was not a medically determinable impairment. Indeed, there is no evidence to substantiate Plaintiff's claim that her alleged depression would effect her ability to function.  As such, the Court finds the ALJ did not err in finding Plaintiff's RFC was not limited due to her depression.

      **B.**      **Credibility Determination**

Plaintiff claims the ALJ erred in evaluating the credibility of her subjective complaints.  ECF No. 11 at 11-14.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis. Notably, the ALJ summarized Plaintiff's subjective complaints and Plaintiff's medical records. (Tr. 12-14). Then, the ALJ noted several inconsistencies between Plaintiff's medical records and her subjective complaints: (1) Plaintiff testified at the hearing that she had seven to eight episodes of diarrhea daily but only reported "almost daily" diarrhea during her doctor's visit; (2) Plaintiff testified she weighed only 172 pounds at the administrative hearing, but her treatment notes reflected she weighed 202[3] pounds two weeks prior to the hearing; (3) Plaintiff testified she had a pre-pregnancy weight of 240 pounds, but her treatment notes reflect a pre-pregnancy weight of 189 pounds; (4) Plaintiff testified she does not do any household chores because she is afraid to spread the virus, but in her function report, she reported she cooks, cleans, and takes care of her brother's children, including bathing and

---

[3] It appears Plaintiff claimed she was a lower weight than she actually was to support her claim that she was "wasting away" due to HIV. (Tr. 25-47).

feeding them daily; and (5) Plaintiff indicated at the hearing that her children are in the custody of her parents because her sickness, but the record demonstrates they are in her parents' custody because she was incarcerated in 2005. The Court finds these are sufficient reasons for finding Plaintiff's subjective complaints were not credible. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (holding that "[Q]uestions of credibility are for the [ALJ] in the first instance. If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment") (citation omitted). *See also Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (noting that a discussion of every *Polaski* factor need not be included in the ALJ's opinion).

### C.  Record Development

Plaintiff claims the ALJ did not fully and fairly develop the record as to her depression and her knee pain. ECF No. 11 at 14-15. In making this argument, Plaintiff merely alleges that the record is not developed on these issues. *Id.* Plaintiff does not actually demonstrate she was prejudiced by the ALJ's alleged failure to develop the record on these two issues. Indeed, as noted above, there has been no demonstration Plaintiff has even been diagnosed with depression. Likewise, there has not been any demonstration that Plaintiff's knee pain continued beyond 2008 when she underwent surgery. (Tr. 210-223). Accordingly, because Plaintiff has not demonstrated any further record development on either of these issues would have assisted the ALJ, Plaintiff has made no showing of prejudice. Thus, no remand to develop the record is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand").

### D.  Severe Impairment

Plaintiff claims the ALJ improperly determined her depression was non-severe. ECF No. 11

at 15-19. To support her claim that she suffers from the severe impairment of depression, Plaintiff only references her testimony from the administrative hearing. *Id.* As noted above, however, Plaintiff has not provided any medical evidence demonstrating she suffers from depression. Indeed, as noted above, approximately three months before the administrative hearing in this matter, Plaintiff even reported to her treating physician that she did not suffer from depression. Accordingly, the Court finds the ALJ did not err by finding this impairment was non-severe.[4]

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of December 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] The ALJ found Plaintiff's depression was non-severe based upon the following finding: "The claimant is alleging depression. However, the record does not contain any evidence referring to any professional mental health treatment. In addition, in an office visit note dated August 3, 2010 by Hazel K. Liverett, M.D., the claimant denied having any depression. On examination, she was oriented to all spheres, affect and mood were appropriate, interacted normally, and had good eye contact (Exhibit 9F/9I). Moreover, the record does not contain any diagnosis of depression. Therefore, the undersigned finds the claimant's alleged depression is not a medically determinable impairment. Even if the undersigned could base the decision on symptoms and subjective complaints alone, the depression would be non-severe, as it does not impose more than minimal limitations on her ability to perform basic work activities." (Tr. 10-11).